UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
FRANK ANDOLINA,

                                    Plaintiff,

                - against -

CITY OF NEW YORK,
POLICE OFFICER FRANCISCO ALLENDE,
POLICE OFFICER NICHOLAS RENTAS,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-2,

                                Defendants.
--------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**14-CV-9211 (KBF)**

       Plaintiff, **FRANK ANDOLINA**, by his attorneys, **NASS & ROPER LAW LLP,**

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff, **FRANK ANDOLINA**, seeks damages

to redress the deprivation, under color of state law, of rights secured to him under the

Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

On or about May 29th, 2014, at approximately 1:00 a.m., Plaintiff was at the 122nd

Police precinct when Defendants forcefully subjected him to a full cavity strip-search

and assaulted him.  Plaintiff was assaulted by Defendants including, but not limited

to, **CITY OF NEW YORK, POLICE OFFICER FRANCISCO ALLENDE,**

**POLICE OFFICER NICHOLAS RENTAS, POLICE OFFICER JOHN/JANE**

**DOE(S) #'S 1-2**.  It is alleged that Defendants used excessive force in effectuating

his arrest.  As a result of the excessive force used by Defendants, Plaintiff suffered

severe physical and mental injuries.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has

pendant jurisdiction over Plaintiff's state law claims.

### III. <u>PARTIES</u>

3.      Plaintiff, **FRANK ANDOLINA**, at all times relevant hereto, resided at 302 Green

Valley Road, Staten Island, NY 10312.

4.      Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal

corporation, incorporated pursuant to the laws of the State of New York, which

operates the New York City Police Department (hereinafter "NYPD"), and as such is

the public employer of the Defendant officers herein.

5.      Defendant, **POLICE OFFICER FRANCISCO ALLENDE**, (SHIELD: 20385)

(hereinafter "OFFICER ALLENDE") was an NYPD police officer, and at all relevant

times hereto, acted in that capacity as agent, servant, and/or employee of Defendant

CITY and within the scope of his employment.

6.      Defendant, **POLICE OFFICER NICHOLAS RENTAS**, (SHIELD: 21556)

(hereinafter "OFFICER RENTAS") was an NYPD police officer, and at all relevant

times hereto, acted in that capacity as agent, servant, and/or employee of Defendant

CITY and within the scope of his employment.

7.      Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2,** were NYPD police

officers, and at all relevant times hereto, acted in that capacity as agents, servants,

and/or employees of Defendant CITY and within the scope of their employment.

8.     At all relevant times hereto, Defendant CITY was responsible for making and
       enforcing the policies of NYPD and was acting under the color of law, to wit, under
       color of the statutes, ordinances, regulations, policies, customs and usages of the State
       of New York and/or the City of New York.

## IV. FACTS

9.     On or about May 29, 2014, at approximately 1:00 a.m., Plaintiff, **FRANK
       ANDOLINA**, was arrested and brought to the 122nd Police Precinct at 2320 Hylan
       Blvd in Staten Island, New York.

10.    While at the precinct, Plaintiff was in front of the desk at the precinct he was
       slammed to the ground while in handcuffs and struck in the face by Defendants.

11.    Plaintiff was then brought to a back room and given a full cavity strip-search where
       Defendants penetrated him with their hands.

12.    Plaintiff would eventually be brought to the hospital in police custody where he was
       found to have suffered fractures to his nose and multiple lacerations.

13.    That on or around the 17th day of July, 2014, Plaintiff's Notice of Claim and
       Intention to sue was duly served upon and filed with the CITY; said Notice was filed
       within ninety (90) days after the cause of action herein accrued and set forth the name
       and post office address of Plaintiff, the nature of the claim, the time when, the place
       where, the manner in which the claim arose and the items of damage and injuries
       sustained.

14.    That at least thirty (30) days have elapsed since the demand or claim upon which
       these actions are predicated was presented to CITY for adjustment or payment thereof
       and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

15.     Paragraphs 1 through 14 are hereby re-alleged and incorporated by reference herein.

16.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

17.     That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

18.     That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

19.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

20.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

21.     That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

22.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

23.     That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

24.     That Defendants, **POLICE OFFICER FRANCISCO ALLENDE, POLICE OFFICER NICHOLAS RENTAS, POLICE OFFICER JOHN/JANE DOE(S)**

**#'S 1-2,** are liable for preventable harm to Plaintiffs because they knew excessive force was being used; they knew a Constitutional violation had been committed through the use of that force; and Defendants had a reasonable opportunity to intervene and prevent the harm from occurring and failed to do so.

25.     That upon information and belief, in 2014, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

26.     That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

27.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

28.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

29.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VI. <u>SECOND CAUSE OF ACTION</u>
### Pursuant to State Law (EXCESSIVE FORCE)

30.     Paragraphs 1 through 29 are hereby re-alleged and incorporated by reference herein.

31.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

32.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33.     That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

34.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

35.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

36.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances, and Defendants failed to intervene to prevent excessive force against Plaintiff.

37.     That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

38.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VII. <u>THIRD CAUSE OF ACTION</u>
### Pursuant to State Law (ASSAULT and BATTERY)

39.     Paragraphs 1 through 38 are hereby re-alleged and incorporated by reference herein.

40.     That Defendants intended to cause harmful bodily contact to Plaintiff.

41.     That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries and also failed to intervene to prevent Plaintiff's injuries.

42.     That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

43.     That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VIII. <u>FOURTH CAUSE OF ACTION</u>
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

44.     Paragraphs 1 through 43 are hereby re-alleged and incorporated by reference herein.

45.     That Defendants gave Plaintiff a full cavity strip-search absent a requisite reasonable suspicion that he was concealing weapons and/or contraband.

46.     That Defendants had no legally sufficient cause to strip search Plaintiff, and that by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected him to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## IX. <u>FIFTH CAUSE OF ACTION</u>
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

47.     Paragraphs 1 through 46 are hereby re-alleged and incorporated by reference herein.

48.     That Defendants gave Plaintiff a full cavity strip-searches absent a requisite reasonable suspicion that he was concealing weapons and/or contraband.

49.     That Defendants had no legally sufficient cause to strip search Plaintiff, and that by reason of Defendants acts and omissions, Defendants acting under color of State law

and within the scope of their authority, in gross and wanton disregard of his rights,

subjected him to an illegal strip search, in violation of his rights pursuant to the

Fourth and Fourteenth Amendments of the United States Constitution.

## X. TENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

50.    Paragraphs 1 through 49 are hereby re-alleged and incorporated by reference herein.

51.    That at all times, all Defendants were acting within the scope of their employment.

52.    That Defendant CITY was able to exercise control over Defendant Officers'

activities.

53.    That Defendant CITY is liable for Defendant Officers' actions under the doctrine of

*respondeat superior*.

54.    By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries,

economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.   Awarding Plaintiff compensatory damages in a full and fair sum to be

     determined by a jury;

2.   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiff interest from May 29th, 2014; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       December 30, 2015

Yours, etc.

_____

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW LLP

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW LLP, attorneys for Plaintiff, FRANK ANDOLINA.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:        New York, New York
              December 30, 2015

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK ANDOLINA,

                              Plaintiff,

   – against –

CITY OF NEW YORK, ET AL.

                              Defendants.

## AMENDED COMPLAINT

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**FRANK ANDOLINA**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.